**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

MARYLAND JOCKEY CLUB et al.    :
                               :
v.                             :   Civil No. WMN-03-2124
                               :
ODS TECHNOLOGIES, L.P.         :

**MEMORANDUM**

Plaintiffs, The Maryland Jockey Club of Baltimore City, Inc., Laurel Racing Association, Inc. and Laurel Racing Association Limited Partnership (collectively "MJC"), filed a complaint on July 21, 2003, against ODS Technologies, L.P. (ODS) seeking a declaratory judgment and specific performance of a pair of virtually identical contracts previously negotiated between the parties (the "Founders Agreements"). ODS filed an answer and counterclaim for breach of contract against MJC and also included claims against Magna Entertainment Corp. (Magna) for tortious interference with contractual relations. MJC and Magna have moved for summary judgment. ODS has opposed the motion and included its own cross-motion for summary judgment. Paper No. 102. MJC and Magna have moved to strike ODS's opposition on the grounds that it improperly raises new claims. Paper No. 105.

The motion to strike is fully briefed and ripe for decision. Upon a review of the applicable case law, the Court

determines that no hearing is necessary (Local Rule 105.6) and that this motion will be denied.  While this ruling resolves the motion to strike, the Court must defer ruling on the cross-motions for summary judgment until after briefing has been completed.[1]

In their motion, MJC and Magna assert that ODS's cross-motion seeks judgment on claims not pleaded in its Second Amended Counterclaim (the counterclaim).  The counterclaim alleges breach of contract by MJC and tortious interference with contract by Magna.  It further specifies Sections 3.1 and 3.2 of the Founders Agreements as violated provisions.  In its cross-motion, ODS asserts that Magna induced MJC's breach of Article VIII and Section 9.3 of the Founders Agreements as well.

To resolve this motion, the Court must construe Rule 8 of the Federal Rules of Civil Procedure.  Rule 8 requires, in relevant part, that a claim merely contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).

The Fourth Circuit notes that Rule 8(a)(2) "indicates the

---

[1] Also pending is ODS's motion to seal, Paper No. 101, ODS's motion for leave to file a surreply, Paper No. 115, and MJC and Magna's motion to strike ODS's surreply and re-open discovery, Paper No. 119.  The Court will resolve these motions in subsequent dispositions.

objective of the rules to avoid technicalities and to require that the pleading [give] the opposing party fair notice of the nature and basis or grounds of the claim . . . ." Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999) (internal citation omitted).  "Under Rule 8(a)(2), a claim is acceptable if 'a plaintiff colorably states facts which, if proven, would entitle him to relief.'"  Id. (citations omitted).  The Rule does not require a detailed factual basis for a valid claim but only "a statement sufficient to put the opposing party on fair notice of the claim and the grounds supporting it."  Id. (citations omitted).

The initial question faced by the Court is whether the counterclaim provided fair notice that ODS sought redress for breach of and interference with the confidentiality and anti-assignment provisions located in Article VIII and Section 9.2 of the Founders Agreement.  The Court believes that it does.[2]

Following a lengthy fact recitation, ODS specifically alleges in the counterclaim that it has fully performed on an enforceable contract and that MJC "committed breaches" of the amended Founders Agreements "among other ways," by the following acts: (1) "allowing [] broadcasting of [Plaintiffs']

---

[2] Because the counterclaim provides fair notice the Court need not consider ODS's alternative motion, under Rule 15, to amend the counterclaim.

3

races . . . by persons and entities other than ODS, in violation of the exclusive license granted to ODS by Section 3.1 of the [] Founders Agreement" (¶¶ 78, 87); (2) "engaging in competition with ODS . . . in violation of Section 3.2 of the [] Founders Agreement" (¶¶ 79, 88); and (3) "directly and indirectly engaging in discussions with . . . other persons and entities . . . in violation of Section 3.2" (¶¶ 80, 89). Regarding Magna, ODS alleges that it "intentionally and improperly interfered with the existing contractual relations between [MJC] and ODS" with knowledge of the restrictive covenants of Section 3.2. Id. ¶¶ 96, 105.

The progress of discovery as well as the very nature of the claims supports the Court's decision that MJC and Magna were given fair notice of the confidentiality and anti-assignment claims. In discovery, all parties demonstrated an awareness of the relevance of Article VIII and Section 9.3 to the counterclaim. In depositions, ODS asked each of MJC and Magna's witnesses about the confidentiality and anti-assignment provisions. ODS's general counsel, John Hindman, also plainly asserted in his November 2004 deposition that Magna induced the breach of the confidentiality and anti-assignment provisions. See Def.s' Opp. to Strike, Ex. E. With these facts, and considering that this is a contract

4

action in which the contract itself is incorporated into the counterclaim and attached as an exhibit, it is difficult for MJC and Magna to argue persuasively that they are not on fair notice that ODS seeks redress for the alleged breach of and interference with the contract's confidentiality and anti-assignment provisions.

MJC and Magna argue that, notwithstanding the liberal pleading requirements of the federal rules, ODS cannot raise new claims at the summary judgment stage. In so doing, they cite several federal appellate court cases that are substantively distinct from the present case.

MJC and Magna direct the Court's attention to the Tenth Circuit's ruling in Green Country Food Market v. Bottling Group, 371 F.3d 1275 (10th Cir. 2004). In Green Country, the plaintiff had filed suit against the defendant for violating two sections of Oklahoma's anti-trust statute forbidding monopolization and denial of access to an essential facility. Id. at 1278. On appeal after the entry of summary judgment for the defendant, the plaintiff argued that the district court should have constructively amended the complaint to state a claim under a separate provision of the statute prohibiting unilateral actions in restraint of trade. Id. The Tenth Circuit denied the plaintiff's request for leave to

5

amend the complaint to include the violation of the additional statutory provision.

This Court considers the distinction between the contract here and the statute in <u>Green Country</u> significant.  Parties to a contract can be fairly expected to be familiar with the entire contract when sued for breach of that contract.  <u>See Willson v. Bank of America, N.A.</u>, No. 04-1465, 2004 WL 1811148 *4 (N.D. Cal. Aug. 12, 2004) (declining to dismiss counterclaim that failed to specify breached contractual provisions because federal notice pleading standards merely require allegations of written contract, performance, breach, causation, and damages with no need to allege specific terms of contract).  It does not follow, however, that a party sued for violating two specific statutory provisions should be fairly expected to prepare defenses to "sufficiently distinguishable" claims alleging violation of another section of the statute.  <u>See</u> <u>Green Country</u>, 371 F.3d at 1279 (comparing claims actually made with claim proposed).

The Eleventh Circuit decision in <u>Gilmour v. Gates, McDonald & Co.</u>, holding that the plaintiff may not raise a new legal claim in opposition to summary judgment, is also consistent with this Court's proposed ruling.  383 F.3d 1312 (11th Cir. 2004).  The <u>Gilmour</u> plaintiff brought six tort

claims against the defendant and later sought to add a contract claim in opposition to summary judgment. The Eleventh Circuit upheld the district court's refusal to rule on the new contract claim because the defendant "had no notice of a contract claim based on the tort claims set forth in the complaint." Id. at 1315. Unlike the Gilmour defendant, and for the reasons stated above, MJC and Magna are not in a position where they can fairly claim they had "no notice" of ODS's contract claims.

The remaining cases cited by MJC and Magna on this issue each comport with this Court's ruling. Fisher v. Metropolitan Life Insurance Co. stands for the proposition that a claim not raised until opposition to summary judgment is "not properly before the court." 895 F.2d 1073, 1078 (5th Cir. 1990). Shanahan v. City of Chicago holds that a complaint may not be amended through arguments in opposition to summary judgment. 82 F.3d 776, 781 (7th Cir. 1996) (noting the improper form, untimeliness, and futility of the proposed amendment, made in a footnote more than a year after discovery closed, that would not have prevented summary judgment even if accepted). Because the Court considers MJC and Magna to be on notice of the alleged breaches of the confidentiality and anti-assignment provisions, it concludes that amendment of the

7

counterclaim is not required.  Cases rejecting amendments of pleadings at the summary judgment stage are inapplicable.

MJC and Magna also misapply controlling case law in their effort to discourage the Court from broadly construing the counterclaim.  In <u>Bender v. Suburban Hospital</u>, the Fourth Circuit affirmed the district court's dismissal of a Title VII claim, brought by a physician who had lost her hospital privileges, because her detailed complaint demonstrated that the employment relationship upon which her claim depended did not exist.  159 F.3d 186, 191-92 (4th Cir. 1998).  In contrast to the <u>Bender</u> complaint, however, the level of detail in Defendant's lengthy counterclaim regarding breach of the provisions of Sections 3.1 and 3.2 has not rendered the claims over the alleged breach of the confidentiality and anti-assignment provisions of Article VIII and Section 9.3 patently unsustainable.

The parties have also argued the propriety of filing a motion to strike at the summary judgment stage.  The Court sees no reason to delve any further into the procedural morass of the proper scope and usage of motions to strike at this point.

For the reasons stated above, MJC and Magna's motion to

strike will be denied.  A separate order consistent with the reasoning of this memorandum will follow.

                              _____/s/_____
                              William M. Nickerson
                              Senior United States District Judge

Dated: April 27, 2005