**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

MARYLAND JOCKEY CLUB <u>et al.</u>  :
:
v.                                :  Civil No. WMN-03-2124
:
ODS TECHNOLOGIES, L.P.            :

**MEMORANDUM**

Plaintiffs, The Maryland Jockey Club of Baltimore City, Inc., Laurel Racing Association, Inc. and Laurel Racing Association Limited Partnership (collectively "MJC"), filed a complaint on July 21, 2003, against ODS Technologies, L.P. (ODS) seeking a declaratory judgment and specific performance of a pair of virtually identical contracts previously negotiated between the parties (the "Founders Agreements"). ODS filed an answer and counterclaim for breach of contract against MJC and also included claims against Magna Entertainment Corp. (Magna) for tortious interference with contractual relations.  MJC and Magna have moved for summary judgment.  ODS has opposed the motion and included its own cross-motion for summary judgment.  Paper No. 102.  Following MJC and Magna's opposition and reply, ODS has concurrently moved for leave to file a surreply, Paper No. 115, and filed the proposed surreply with its reply, Paper No. 116.  MJC and Magna oppose the motion.  Paper No. 118.  MJC and Magna also

move to strike the surreply[1] and re-open discovery.  Paper No. 119.

The motion for leave to file the surreply is fully briefed and ripe for decision.  Upon a review of the applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that this motion will be granted.  While this ruling resolves ODS's motion to file a surreply, the Court must defer ruling on the motion to re-open discovery (and the other pending motions) until briefing has been completed.

ODS seeks leave to file its surreply to respond to arguments made by MJC and Magna regarding an e-mail that ODS

---

[1] MJC and Magna's motion to strike the surreply is inappropriate and superfluous because they also have filed an opposition to ODS's motion for leave to file the surreply. All of MJC and Magna's valid concerns or objectives should be fully addressed in their opposition, rendering the motion to strike excessive.  Motions to strike are not only considered drastic and disfavored but also generally directed only to pleadings, such as a claim, counterclaim, cross-claim, third-party claim, or defense.  See FED. R. CIV. P. 8, 12(f); see also WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D §§ 1380-83.  Courts also use the language of granting motions to strike at the summary judgment stage where evidentiary materials, such as unauthorized affidavits or unsworn expert reports, are properly challenged. See, e.g., Metropolitan Life Ins. v. Dillon, 291 F. Supp. 2d 390, 393 (D. Md. 2003) (striking deficient affidavit containing hearsay); Turner v. Human Genome Science, Inc., 292 F. Supp. 2d 738, 743-44 (D. Md. 2003) (striking unsworn expert report).  The Court urges counsel to make better use of its own and the Court's resources.

produced three days after MJC and Magna moved for summary judgment.  ODS did not address the e-mail in its cross-motion/opposition; it was first raised in MJC and Magna's opposition/reply.  The Court believes that the proposed surreply will assist it in resolving the matter and will grant ODS's motion.

MJC and Magna also have moved to re-open discovery related to the recently produced e-mail.  The Court will order ODS to file any opposition it may have to the motion by Friday April 29, 2005.

A separate order consistent with this Memorandum will follow.

                                                                             /s/
                                          William M. Nickerson
                                          Senior United States District Judge

Dated: April 27, 2005