**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

MARYLAND JOCKEY CLUB <u>et al.</u>  :
                                   :
v.                                 :   Civil No. WMN-03-2124
                                   :
ODS TECHNOLOGIES, L.P.             :

**<u>MEMORANDUM</u>**

Before the Court is the motion to re-open discovery, filed by Plaintiffs The Maryland Jockey Club of Baltimore City, Inc., Laurel Racing Association, Inc., and Laurel Racing Association Limited Partnership (collectively "MJC") and Third-Party Defendant Magna Entertainment Corp. (Magna). Paper No. 119.[1] Also before the Court is a motion filed by Defendant ODS Technologies, L.P. (ODS) to seal the unredacted memorandum in support of its cross-motion for partial summary judgment, Paper No. 102, and certain exhibits attached thereto. Paper No. 101. The motions are ripe for decision. Upon a review of the motions and the applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that: (1) the motion to re-open discovery will be granted in part and denied in part; and (2) the motion to seal will be granted.

MJC and Magna seek to re-open discovery based upon an e-

---

[1] Paper No. 119 also contained a motion to strike ODS's surreply. The Court has already ruled upon this part of the motion.

mail that ODS produced after the close of discovery and three days after MJC and Magna filed for summary judgment.  In the e-mail from ODS's then CEO, Mark Wilson, to Jeffrey Shell, Ray Hopkins, Steven Kay, and Ryan O'Hara, Mr. Wilson wrote "[y]ou may remember that MJC never waived the milestones."  MJC and Magna seek to depose Mr. Wilson as well as other senders and recipients of the e-mail and others who may have been involved in its late production regarding its content.  They also ask the Court to order ODS to produce the following: (1) withheld internal communications; (2) documents from ODS's parent company, Gemstar/TV Guide International; and (3) documents showing how ODS and Gemstar have accounted for MJC's claim for an ownership interest in ODS.

ODS opposes re-opening discovery for several reasons. First, it argues that the e-mail and subsequent affidavit from Mr. Wilson explaining the e-mail's context and meaning raise no new issues meriting any additional discovery.  It explains that Mr. Wilson has been deposed twice in addition to testifying about his understanding of the milestone waiver and that the recipients lack personal knowledge of the issues MJC and Magna seek to explore.  Second, it argues that the request for an order to produce various documents is unrelated to the e-mail and constitutes an untimely and improperly filed motion

2

to compel.

Because the e-mail clearly relates to a significant issue in this trial and was not produced until after MJC and Magna filed their summary judgment motion, MJC and Magna will be allowed five additional hours of discovery to depose the sender and recipients of the e-mail on issues closely related to the milestone waiver.  Should those depositions reveal additional individuals with personal knowledge of the issues raised in the e-mail, MJC and Magna may depose any of those individuals as well, but they will not be given additional deposition hours to do so.

The Court agrees with ODS's characterization of Magna and MJC's request to order ODS to produce certain documents that they believe have been withheld to this point as untimely and improperly filed.  The Court will deny that portion of the motion to re-open discovery.

ODS also has moved to seal the unredacted version of its opposition to MJC and Magna's motion for summary judgment.  It also moves to seal certain exhibits that contain proprietary information.  The motion is unopposed and will be granted.

A separate order will follow.

                          /s/

                        William M. Nickerson
                        Senior United States District Judge

Dated: May 20, 2005

4